UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BAUMANN,<br><br>    Plaintiff,<br><br>v.<br><br>BIANCA FROESE-ACQUAYE,<br><br>    Defendant. | Case No. 18-cv-06863-JCS<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO SERVE DEFENDANT PURSUANT TO RULE 4(f)(3) AND CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 14 |

Plaintiff Peter Baumann seeks leave to serve Defendant Bianca Froese-Acquaye pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, which provides that service on a defendant located outside the United States may be effectuated "by other means not prohibited by international agreement, as the court orders." *See* Fed. R. Civ. P. 4(f)(3). Having purportedly tried and failed to serve Froese-Acquaye pursuant to the Hague Convention at an address in Germany that turned out to be incorrect, Baumann asks the Court to allow him to serve Froese-Acquaye by emailing her attorney Gunnar Berndorff and sending process via DHL to Berndorff's office in Berlin.

Baumann is correct that the terms of the Hague Convention do not apply when a defendant's address is unknown and that courts have granted applications to proceed with alternative methods of service under such circumstances. *See, e.g.*, *United States v. Distribuidora Batiz CGH, S.A. De C.V.*, No. 07cv370-WQH-JMA, 2011 WL 1561086, at *5 (S.D. Cal. Apr. 21, 2011). This Court nevertheless takes issue with five aspects of Baumann's application.

First, Baumann submits documents in German to support his assertion that he tried and failed to serve Froese-Acquaye pursuant to the Hague Convention. If Baumann would like the Court to consider documents in a language other than English, he must provide a translation of at least the relevant portions of the documents at issue.

Second, Baumann provides no evidence (as opposed to mere argument) that he does not know Froese-Acquaye's current address. If Baumann renews his request, he should provide a declaration stating the lack of such knowledge.

Third, Baumann provides no explanation of what if any efforts he has taken to determine Froese-Acquaye's current address. Any renewed application must include evidence of due diligence.

Fourth, Baumann provides no evidence that Berndorff in fact represents Froese-Acquaye or that Berndorff can be reached at the email address and mailing address that Baumann proposes to use for substitute service. Any renewed application should attach correspondence or other evidence supporting those conclusions.

Finally, the Court is not persuaded that a lower level of procedural rigor is appropriate for service on a party's attorney who resides abroad than would be required for service on the party if the party's address were known. Unless Baumann shows cause why his proposed method of service is preferable, the Court will permit substitute service on Berndorff, if at all, only using the same procedures provided under the Hague Convention for service on Froese-Acquaye herself.

Baumann's application to allow service under Rule 4(f)(3) is therefore DENIED without prejudice to filing a renewed application addressing the issues stated above. The motion to continue the case management conference set for July 19, 2019, is also DENIED without prejudice to renewing that request in the context of a renewed application for substitute service.

**IT IS SO ORDERED.**

Dated: June 25, 2019

JOSEPH C. SPERO
Chief Magistrate Judge